Succession of Gray.

The failure to act vigorously in pursuing a tax collector for his defalcation, or, in other words, a mere hesitancy without a positive extension of time, will not discharge the sureties to his bond.

APPEAL from the District Court for Ouachita. PARSONS, J.

*S. D. McEnery* for Plaintiff. *Cobb & Gunby* for Defendants Appellants.

WHITE, J., delivered the opinion amending the judgment.

## No. 904.

APPEAL from the Recorder's Court of Monroe.

*S. D. McEnery* for the Corporation. *Baker* for the Defendant.

SPENCER, J., delivered the opinion dismissing the appeal.

## No. 929.

SUCCESSION OF L. F. GRAY. FOR ADMINISTRATION.

A wife having died, leaving a separate estate besides her interest in the community, her daughter applied for administration, which was opposed by the surviving husband. *Held*, the daughter as beneficiary heir was entitled to the administration.

APPEAL from the Parish Court of Webster. DREW, J.

*George* and *Taylor* for the Applicant. *McDonald* for Opponent.

SPENCER, J. Simeon Gray and his wife L. F. Gray were married in 1858. He administered her father's estate and received therefrom in right of his wife some thirteen or fourteen hundred dollars. The wife after this died, in community with the husband and intestate, leaving a single heir, Margaret V. Gray, wife of Noles.

Some two years after her mother's death, Mrs. Noles and her husband applied to be appointed administrators of her estate. This application was opposed by the surviving husband, Simeon Gray, upon the ground that his said wife had died intestate, and in community with him, that he was owner of one-half the community in his own right, usufructuary of the other half, that the community was in debt largely, that he had paid part of these debts and would arrange the balance. That his wife had no separate estate and owed no separate debt, and that, therefore, an administration was unnecessary and illegal.

There was judgment dismissing the opposition, and appointing the applicants as prayed for, "upon their giving bond for the amount of the community property as shown by the inventory of said succession as required by law."

The opponent appeals. It is manifest that Mrs. L. F. Gray did have a separate estate, consisting in her paraphernal rights and claims against her husband and the community. The right of the beneficiary heir to administer the estate of the deceased author, is undoubted. The judge properly appointed the heir in this case.

Whether as administratrix of her deceased mother's estate, the whole or any part of the community property, will fall under her administration, whether she as such can take it out of the husband and usufructuary's possession, where he pays, or tenders payment or security for the community debts, are questions not now before us, nor is the question as to the amount of the bond, that is fixed by law, and is to be one-fourth over the inventoried value of the property of the estate. The value of the community property is not the measure of the bond. The sole question is as to the correctness of the decree appointing Mrs. Noles and husband administratrix and co-administrator of her deceased mother's estate. We see no reason to doubt it.

*Judgment affirmed.*